IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 4:11-CR-155 |
| v. : | |
| : | (Chief Judge Kane) |
| EARL SAMPSON, : | |
| Defendant : | |

**MEMORANDUM ORDER**

Presently pending before the Court is Defendant Earl Sampson's motion for bill of particulars. (Doc. No. 45.) The motion has been briefed and is ripe for disposition. For the reasons that follow, the Court will deny Defendant's motion.

**I.    BACKGROUND**

Defendant previously appeared before this Court in United States v. Sampson, 4:07-cr-00389 (hereinafter "Sampson I"). In that case, the Court granted Defendant's pro se motion to dismiss the indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and dismissed the charges against Defendant without prejudice. No. 4:07-cr-00389 (M.D. Pa. Apr. 11, 2011) (Doc. No. 1340.) On April 28, 2011, a grand jury for the Middle District of Pennsylvania issued a two-count indictment against Defendant. (Doc. No. 1.) Count I of the indictment charges that from on or about January 1, 1996 to October 2, 2007, Defendant violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846, and 860(a) when he intentionally and knowingly conspired with others to commit "the knowing and intentional possession with intent to distribute and [the] distribution of cocaine and 280 grams or more of cocaine base." (Id. at 1-2.) Count II charges that from on or about January 1, 1996 to October 2, 2007, Defendant violated 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 860(a) when he intentionally and knowingly possessed with the intent to distribute

1

and did distribute "280 grams and more of Cocaine Base . . . and did aid, abet, counsel, command, induce, and procure the commission of those offenses." (Id. at 3.)

Defendant filed a motion for bill of particulars on August 12, 2011 (Doc. No. 45), and a brief in support on September 8, 2011 (Doc. No. 58). The Government filed a brief in opposition on September 14, 2011 (Doc. No. 63), along with an attached six-page summary of the discoverable materials that were sent to Defendant's stand-by counsel, including various letters, interviews, statements, records, and reports of various individuals (Doc. No. 63-1).

## II.  DISCUSSION

A court is authorized under Rule 7(f) of the Federal Rules of Criminal Procedure to direct the Government to file a bill of particulars in order "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2004) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971)). When an indictment fails to perform these functions and "thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial,'" a court generally will find that a bill of particulars should be issued. Id. at 771-72 (quoting United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)). The United States Court of Appeals for the Third Circuit has found that an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality neither prejudices a defendant in preparing his defense nor endangers his constitutional guarantee against double jeopardy. See Addonizio, 451 F.2d at 58 n.7; see also United States v. Eufrasio, 935 F.2d 553, 575 (3d Cir. 1991). The Third Circuit has also

2

emphasized that the need for a bill of particulars is obviated in those cases where the Government supplements a detailed charging document with substantial discovery. Urban, 404 F.3d at 772. In ruling on a request for a bill of particulars, the Court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not this information has been included in the indictment. United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972).

Defendant contends that a bill of particulars is necessary for him to adequately prepare a defense to the charges and to avoid surprise at trial. (Doc. No. 45 ¶ 22.) In his motion, Defendant makes twenty-one requests for particulars, which can be divided into three categories: (1) requests for the Government to provide a statement of all known overt acts of the alleged conspiracy (Id. ¶ 1); (2) requests for the identities and contact information of the Government's witnesses, informants, and accomplices as well as that of Defendant's alleged co-conspirators (Id. ¶¶ 1(D), 5, 8, 9, 13, 17, 21); and (3) requests for more specific information regarding the crimes with which he is charged, particularly a statement of the exact locations, dates, and amounts of the alleged controlled substances involved (Id. ¶¶ 2-4, 6-7, 10-12, 14-16, 18-20).

### A. Defendant's Request for a Statement of All Known Overt Acts

In response to Defendant's request for a statement of all known overt acts of the alleged conspiracy, the Government argues that proof of an overt act is not required to establish a Title 21 drug conspiracy and, therefore, Defendant is not entitled to such information in a bill of particulars. (Id. at 7.) The conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846. Further, the United States Supreme Court has held that proof of "the commission of any

overt acts in furtherance of the conspiracy" is not required for a conviction under § 846. United States v. Shabani, 513 U.S. 10, 15 (1994). Thus, an indictment under § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir. 1982). The Court finds that Count I of the indictment identifies the general geographic locations, acts in furtherance of the alleged conspiracy, and the elements of the offense sufficiently to fairly inform Defendant of the charge, "to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." Urban, 404 F.3d at 771. Therefore, the Court will deny Defendant's request for the Government to produce a statement of all known overt acts.

### B. Defendant's Request for a Statement of the Identities and Contact Information of All Witnesses, Informants, Accomplices, and Co-Conspirators

In response to Defendant's request for the identities and contact information of all witnesses, informants, accomplices, and co-conspirators, the Government contends that such information need not be presented through a bill of particulars in a non-capital case. (Doc. No. 63 at 6.) The purpose of a bill of particulars is to inform the defendant of the nature of the charges brought against him and provide "only that minimum amount of information necessary to permit the defendant to conduct his own investigation." United States v. Smith, 776 F.2d 1104, 1111 (3d Cir. 1985) (emphasis in original). A bill of particulars "is not intended to provide the defendant with the fruits of the government's investigation," and he "is entitled neither to a wholesale discovery of the Government's evidence, nor to a list of the Government's

prospective witnesses." Id.; Addonizio, 451 F.2d at 64 (internal citations omitted). The defendant, however, may not be denied information "merely because the effect of providing it is to divulge the names of government witnesses or the details of the government's evidence." Addonizio, 451 F.2d at 64 n.16 (emphasis in original). But "[c]ourts have been highly reluctant to require a bill of particulars when defendants have asked for specific identities of co-conspirators or others allegedly involved. So long . . . [as] an indictment and discovery sufficiently enables defendants to avoid surprise and prepare for trial, a bill of particulars is not warranted." United States v. Coffey, 361 F. Supp. 2d 102, 122 (E.D.N.Y. 2005); see also United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); United States v. Torres, 901 F.2d 205, 233-34 (2d Cir. 1990) (upholding a district court's denial of a bill of particulars where "a wealth of evidentiary detail from the discovery to date" was supplied); United States v. Albunio, No. CR-91-0403(S-2), 1992 WL 281037, at *3 (E.D.N.Y. Sept. 9, 1992) ("The refusal of a district court to direct the filing of a bill of particulars as to the names of unindicted co-conspirators or as to the names of witnesses is not an abuse of discretion.").

Against this background, the Court finds that the indictment and discovery provided to Defendant by the Government inform Defendant of the nature of the charges against him and provide him with sufficient information to conduct his own investigation. The Court has reviewed the six-page summary of the extensive discovery that the Government has provided to Defendant; it contains – among other materials – criminal histories, grand jury transcripts, incident reports, interviews, and plea agreements of several individuals, including ten individuals

who were indicted alongside, and intended to have conspired with, Defendant in <u>Sampson I</u>.[1] (Doc. No. 63-1.) In light of this discovery, the Court concludes that a bill of particulars is not warranted because the indictment and discovery sufficiently enable Defendant to determine the identities of, and other relevant information concerning, various witnesses and co-conspirators, thereby enabling Defendant to avoid surprise at, and prepare for, trial. See <u>Urban</u>, 404 F.3d at 772 (finding that the district court did not abuse its discretion in denying the appellants' motions for a bill of particulars because the appellants "had access through discovery to documents and witness statements relied upon by the Government in constructing their case").

    **C.**    **Defendant's Request for Exact Dates, Times, Locations, Amounts of Controlled Substances Involved In, and Methods of the Alleged Crimes**

Finally, in response to Defendant's request for the exact dates, times, locations, amounts of controlled substances involved in, and methods of the alleged crimes, the Government contends that "[t]his information can largely, if not entirely, be determined already by the defense from [the] discoverable materials" provided to stand-by counsel. (Doc. No. 63 at 7-9.) The Court, once again noting that the purpose of a bill of particulars is only to inform the defendant of the nature of the charges brought against him and provide the minimum amount of information to enable him to conduct his own investigation, concludes that Defendant's request for this information is not proper. <u>Smith</u>, 776 F.2d at 1111. The indictment and discovery

---

[1] Eight of the individuals – Reyne Erb, Leanika Z. Johnson, Taurance Johnson, Shannon Mitchell, Dartanine Ransom, Dorothy Robinson, James Ross, and Kamilah Short – were indicted alongside Defendant in the original indictment, charging them with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)-(iii), and 860(a). <u>Sampson I</u>, No. 4:07-cr-00389 (Sept. 27, 2007) (Doc. No. 1.) The ninth individual, Sharif Cliett, was indicted alongside Defendant in the second superseding indictment. <u>Id.</u> (Oct. 25, 2007) (Doc. No. 154.) The tenth individual, Karen Sampson, was indicted alongside Defendant in the third superseding indictment. <u>Id.</u> (Aug. 14, 2008) (Doc. No. 435.)

sufficiently informs Defendant of the charges against him, the time frame of the alleged crimes, and the manner of means in which those crimes were allegedly committed. Therefore, the Court finds that the indictment and discovery is sufficient to allow Defendant to adequately prepare his defense, avoid surprise at trial, and protect him against a second prosecution for the same conduct. Further, the Court notes that requiring the Government to provide the exact locations, dates, times, amounts of controlled substances involved in, and methods of the alleged crimes would unfairly define and limit the Government's case due to the fact that the evidence at trial must conform to the allegations in a bill of particulars. See Smith, 776 F.2d at 1111. Therefore, Defendant's request for this information will be denied.

**ACCORDINGLY**, on this 24th day of January 2012, **IT IS HEREBY ORDERED** that Defendant's motion for bill of particulars (Doc. No. 45) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania